**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

JOVON MARTIN,                                    :

    Petitioner                    :      **CIVIL ACTION NO. 3:19-1290**

    v                                   :               **(JUDGE MANNION)**

UNITED STATES OF AMERICA,          :

    Respondent                  :

**MEMORANDUM**

I.    **Background**

On July 24, 2019, Petitioner, Jovon Martin, a former inmate confined in the Allenwood Low Security Federal Correctional Institution, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition).

Martin challenges his conviction and sentence imposed in the United States District Court for the Middle District of Pennsylvania for conspiracy to make false statements in the acquisition of firearms, a violation of 18 U.S.C. §371, possession of firearms by a user of controlled substances, in violation of 18 U.S.C. §922(g)(3), and distribution and possession with intent to distribute cocaine, a violation of 21 U.S.C. §841(a)(1). Id. For relief, Martin requests that his conviction be vacated and that the Court re-sentence him

to time served. Id. However, a review of the Federal Bureau of Prisons Inmate Locater reveals that Figueroa was released from custody on December 16, 2020. See https://www.bop.gov/inmateloc/.

For the reasons set forth below, the instant petition will be dismissed as moot.

## II.   Discussion

The case or controversy requirement of Article III, §2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or

controversy ... if unaccompanied by continuing, present adverse effects."
Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing
O'Shea v. Littleton, 414 U.S. 488 (1974)). "[A] petition for habeas corpus
relief generally becomes moot when a prisoner is released from custody
before the court has addressed the merits of the petition." Lane v. Williams,
455 U.S. 624, 631 (1982).

In the instant case, because Martin has been released from custody,
his habeas petition has been rendered moot. See Rodriguez-Leon v.
Warden, 602 F. App'x 854 (3d Cir. 2015); Scott v. Schuylkill FCI, 298 F.
App'x 202 (3d Cir. 2008); Scott v. Holt, 297 F. App'x 154 (3d Cir. 2008).

## III.  **Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus
will be **DISMISSED**. An appropriate order will follow.

_s/ Malachy E. Mannion_
**MALACHY E. MANNION**
**United States District Judge**

**Date: December 18, 2020**
19-1290-01